## WITCHER *v.* JONES.

*(Common Pleas of New York City and County, General Term.  May 9, 1889.)*

WITNESS—EXAMINATION OF NON-RESIDENT PARTY.

Where an order is made for the examination of a non-resident plaintiff, and it appears at the time the order is returnable that he has not come, and is not expected

to come, within the jurisdiction, it is proper to revoke the order without prejudice to an application for a further order when he is found or expected to arrive within the jurisdiction.

Appeal from special term.

This is an appeal by defendant from the order of Mr. Justice ALLEN vacating an order of Mr. Chief Justice LARREMORE for plaintiff's examination as a witness for defendant before trial, "concerning matters relevant to the issues in this action." Plaintiff, Vincent A. Witcher, resides at Riceville, Va., and the order for his examination was never served upon him. Defendant is sued as treasurer of the New York Times, a joint-stock association publishing the newspaper of that name. The action is brought to recover $20,000 as damages for the alleged publication in said newspaper of a libel concerning plaintiff. On motion of plaintiff's attorneys, and on affidavits showing that he had not been and was not expected within the state, Mr. Justice ALLEN, on the return-day of the order, made an order vacating it, with leave to defendant to apply for another order, upon presenting proof that plaintiff has come within the state.

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

*Townsend, Dyett & Einstein*, for appellant. *Maltby, Bayne & Marshall*, for respondent.

PER CURIAM. In our opinion, this order was properly granted. There seems to be no reason why an order for the examination of a plaintiff who is a non-resident of the state should not be made, but the order must be served upon the party within the state, in order to make it effectual; and if it appears at the time that the order is returnable that the party has not come, and is not expected to come, within the jurisdiction, it is discretionary for the court to vacate the order without prejudice to an application for a further order, when he is found or expected to arrive within the jurisdiction. So that the chief justice in granting the order was entirely regular, and so was Judge ALLEN in revoking it. We think that the decision was in accordance with the authorities. It may be that where an order has never been revoked by the court which granted it, (as in the *Dudly Case*,[1]) and is outstanding, it must be observed by the court and the parties in all proceedings dependent upon it. But in this case the court, upon an application for the purpose, revokes the order; and properly, because the plaintiff was not within the state from the time it was granted until the return-day, and is not expected before trial. We think that the special term had the power, and, under the circumstances, we think it was rightly exercised. A new order will be granted whenever the party is expected within the state. The order appealed from is affirmed, with $10 costs and disbursements.